1760. HAGINS *et al. v.* BLITCH, executor.

HILL, C. J. 1. Although a judgment be dormant, under the statute, and has, therefore, lost its lien, it is still a subsisting debt, and the judgment can be renewed, as matter of right, by scire facias or by suit. During the period of dormancy there is no presumption in favor of the defendant that the judgment has been paid, but such presumption exists only as to third persons. Civil Code, § 5378; *Battle* v. *Shivers,* 39 *Ga.* 410; *Chambliss* v. *Phelps,* 39 *Ga.* 386 (2); *Groves* v. *Williams,* 68 *Ga.* 598 (3).

2. In a suit to revive a judgment issued from a justice's court, when the only plea is the general issue, the introduction in evidence of a transcript of the judgment, with entries showing summons and personal service, and the transcript of the fi. fa., with entries of partial payments, would be sufficient to entitle the plaintiff to a verdict reviving the judgment on the balance of the debt due thereon. Under the plea of the general issue, the correctness of the debt, satisfaction by payment, or satisfaction by lapse of time, is not in issue. Civil Code, § 5053; *Matthews* v. *Bates,* 93 *Ga.* 318 (20 S. E. 320).

4. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed.*

Appeal, from Bulloch superior court—Judge Rawlings.　October 28, 1908.

Submitted May 5,—Decided November 9, 1909.

*G. S. Johnston, Hines & Jordan,* for plaintiffs in error.

*Brannen & Booth,* contra.