71906. SMITH v. PIERCE.
(347 SE2d 692)

McMURRAY, Presiding Judge.

Verlin Pierce (plaintiff) sued his grandson, Gregory Smith (defendant), alleging that "the defendant is indebted to plaintiff in the amount of $9,235.73 on loans made by the plaintiff to the defendant." The defendant admitted that he received sums of money from his grandfather, but denied liability stating that the monies were received as gifts. The defendant counterclaimed alleging "abuse of judicial process" by the plaintiff. The case was tried before a jury and a verdict was rendered in favor of the plaintiff. The defendant appeals. *Held*:

1. The defendant contends that the trial court erred in charging the jury on the law of money had and received. " ' "The reception of money by one and the demand by the other makes all the privity that is necessary to maintain [an] action [for money had and received]. (Cits.) . . ." ' *Haupt v. Horovitz*, 31 Ga. App. 203 (1) (120 SE 425)." *Empire Oil Co. v. Lynch*, 106 Ga. App. 42 (1) (126 SE2d 478). In the case sub judice, it is undisputed that the defendant received money from the plaintiff for improvements on his home. It is also undisputed that the plaintiff demanded repayment of the money. Consequently, the evidence authorized a charge on the law of money had and received.

2. Defendant complains in his third and fifth enumerations of error that the trial court erred in charging the jury on the principle of an implied promise to pay for services or property. See OCGA § 9-2-7. We have reviewed the record and find that the defendant did not raise objections to these charges at trial. Consequently, we shall not consider these enumerations of error. OCGA § 5-5-24 (a); *Jackson v. Meadows*, 157 Ga. App. 569, 574 (5) (278 SE2d 8).

3. In his fourth enumeration of error the defendant argues that the trial court erred in failing to charge on the law applicable to alteration of instruments. See OCGA § 13-4-1. "It is true that the trial judge did not charge the jury [in this regard]. However, there were no requests for such a charge, and there were no objections to the trial judge's failure to so charge. Under these circumstances, we find no reversible error. See [OCGA § 5-5-24 (a)]; *Pearlman v. Pearlman*, 238 Ga. 259 (2) (232 SE2d 542) (1977) and cits." *Herring v. McLemore*, 248 Ga. 808, 809 (3) (286 SE2d 425).

4. The defendant complains that the trial court erred in granting the plaintiff's motion for directed verdict with regard to his counterclaim for "abuse of judicial process."[1] The cause of action asserted by the defendant is derivative of the judicial process utilized by the plaintiff and must be brought as a compulsory counterclaim. *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414). Consequently, survival of the defendant's counterclaim is dependent upon the final disposition of the plaintiff's action. In the case sub judice, since the plaintiff successfully prosecuted his action, substantially obtaining the relief sought in his complaint, there is no basis for the defendant's claim of "abusive litigation." Consequently, the issue of whether the trial court erred in directing a verdict in favor of the plaintiff with regard to the defendant's counterclaim is moot.

5. The plaintiff filed with this court a "motion for penalty for frivolous appeal" pursuant to OCGA § 5-6-6. We have considered this motion and since we do not find the defendant's appeal was taken up for delay only, the motion is denied.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 9, 1986.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*Clifton M. Patty, Jr.,* for appellee.

---

[1] In *Yost v. Torok*, 256 Ga. 92, the Supreme Court abolished the causes of action known as "malicious use of process" and "abuse of judicial process" and has redefined the tort, labeling it "abusive litigation."