## 73188. ROTHSTEIN v. L. F. STILL & COMPANY.
### (351 SE2d 513)

SOGNIER, Judge.

L. F. Still and Co. (Still) filed an action in 1985 to revive its dormant judgment against Herman Rothstein. After an answer and counterclaim had been filed, Still voluntarily dismissed its complaint and moved for dismissal of the counterclaim. Rothstein now appeals the trial court's grant of that motion.

The judgment appellee sought to revive was obtained by default in 1975. Appellant alleged in his answer that the 1975 judgment was void for lack of personal jurisdiction. The counterclaim sought damages for malicious abuse of process (Count I) and invasion of privacy (Count II). A later claim for malicious use of process (Count III) was added by amendment after appellee had filed its motion to dismiss.

1. Appellant contends the trial court erred by failing to label the

1975 judgment "void" in its order. As the complaint seeking to revive that judgment had been voluntarily dismissed prior to the trial court's order, mention of the earlier judgment was merely descriptive and was therefore harmless error. OCGA § 9-11-61.

2. In his second, third and fourth enumerations of error, appellant contends the trial court erred by dismissing all three counts of his counterclaim for failure to state a claim. "[A] pleading should not be dismissed for failure to state a claim unless. it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." *Skelton v. Skelton*, 251 Ga. 631 (1) (308 SE2d 838) (1983). Ordinarily, under our system of notice pleading, a complaint or counterclaim sets forth a mere allegation of injury attributable to the actions of another. Accordingly, it will rarely appear beyond a doubt that the pleader can prove no set of facts which would support his claim. In this case, however, the counterclaim set out with specificity the underlying facts upon which appellant relied exclusively to support his claims for relief. If those facts are insufficient to entitle appellant to relief, the trial court's grant of appellee's motion to dismiss must be affirmed. "Notice pleading does not allow a claimant who pleads facts which would not support his claim for the relief sought to survive a motion to dismiss." *Medoc Corp. v. Keel*, 152 Ga. App. 684, 688 (1) (263 SE2d 543) (1979).

(a) Appellant argues that the facts recited in his counterclaim are sufficient to state a claim for malicious abuse of legal process because appellee knew or should have known that the 1975 judgment was void. " ' "Two elements are necessary to an action for the malicious abuse of legal process: first, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. . . ." ' [Cit.]" *Ferguson v. Atlantic Land &c. Corp.*, 248 Ga. 69, 71 (2a) (281 SE2d 545) (1981).

In relation to the 1975 action, the counterclaim shows that appellee filed the complaint, obtained the judgment, and pursued post-judgment discovery in aid of that judgment. These acts were the usual and regular procedure followed in the course of any lawsuit. As to the 1985 action, the counterclaim sets forth that appellee filed a complaint seeking to revive a judgment otherwise valid on its face pursuant to OCGA § 9-12-61. This was the proper and regular process to follow in the prosecution of such a proceeding. See generally *Hagins v. Blitch*, 6 Ga. App. 839 (65 SE 1082) (1909). Bringing, or continuing to use legal process in the prosecution of a lawsuit does not satisfy the requirements for the second element to a claim of malicious abuse of process. See *Medoc Corp.*, supra, at 685 (1). Further, although appellant in his pleadings contends appellee initiated and pursued both actions to harass him, " '[r]egular and legitimate use of process, though with a bad intention, is not a malicious abuse of pro-

cess.' " *Davison-Paxon Co. v. Walker*, 174 Ga. 532, 537 (2) (163 SE 212) (1931). Since appellant's pleading affirmatively shows the facts he relies on to state a claim, and those facts, even if capable of proof, are insufficient to support either of the two necessary elements needed to state a cause of action for malicious abuse of legal process, the trial court did not err by granting appellee's motion to dismiss Count I of appellant's counterclaim.

(b) Appellant next contends the trial court erred by dismissing Count II of his counterclaim because appellee's acts in maintaining the legal actions against him were an invasion of privacy in that they violated his "right to be left alone."

"There are four ways in which the tort of invasion of privacy can occur: (1) intrusion into private affairs, (2) public disclosure of private facts, (3) publicity placing one in a false light, and (4) appropriation of name or likeness. [Cit.]" *Jones v. Hudgins*, 163 Ga. App. 793, 794 (1) (295 SE2d 119) (1982). We need not decide, however, whether appellee's actions fit into any of these categories, because again the counterclaim fully recites the only acts complained of by appellant. These acts consist entirely of legal process, and as such they are absolutely privileged as to libel. OCGA § 51-5-8; *Household Fin. Corp. v. Gilley*, 167 Ga. App. 195 (1) (306 SE2d 85) (1983). Since these acts are absolutely privileged as to libel, they cannot be the subject of a claim for invasion of privacy, no matter what proof appellant could marshal at trial. *Dennis v. Adcock*, 138 Ga. App. 425, 426 (4) (226 SE2d 292) (1976). The trial court therefore properly granted the motion to dismiss appellant's counterclaim for invasion of privacy.

(c) Appellant also contends the trial court erred by dismissing Count III of his counterclaim (malicious use of process). The trial court dismissed this count based on appellant's failure to show a disposition favorable to him in either the 1975 or the 1985 action. In a suit for damages growing out of malicious use of process, it must appear that the previous litigation has been finally terminated against the plaintiff therein. *Baldwin v. Davis*, 188 Ga. 587, 588 (1) (b) (4 SE2d 458) (1939). Count III of the counterclaim affirmatively indicates that the "previous litigation" relied on by appellant consists of the 1975 action and the 1985 action. Appellant argues that termination of the 1975 action was in his favor because the judgment against him was void, and that appellee's voluntary dismissal of the 1985 action was a favorable termination. The record reveals that the 1975 action terminated with judgment against appellant in appellee's favor, and that judgment was not void on its face. There is nothing in the record to indicate appellant took any action pursuant to OCGA § 9-11-60 to seek relief from that judgment. Appellee's voluntary dismissal of the 1985 suit will not support a claim for malicious use of process because a voluntary dismissal is not a termination of the suit in

appellant's favor. *Florida Rock Indus. v. Smith*, 163 Ga. App. 361, 362 (1) (294 SE2d 553) (1982). Thus, appellant could not have proved any facts in support of his claim for malicious use of process which would entitle him to relief, and the trial court properly dismissed Count III of the counterclaim.

We note the Supreme Court's recent decision in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), merging and redefining malicious use and malicious abuse of process. We have examined the record carefully and we find no error in the trial court's dismissal of appellant's counterclaim under the standards enunciated in *Yost*. While *Yost* eliminated the requirement that claims for malicious use of process be brought in a subsequent action, it did not change the requirement of a favorable termination. Further, appellant's counterclaim did not state a claim for relief under *Yost* because it asserted its exclusive reliance on conduct of appellee which, for reasons discussed above, was not "substantially frivolous, substantially groundless, or substantially vexatious." Id. at 96 (13).

3. Appellant finally contends the trial court erred by granting appellee's motion as to Count III of the counterclaim because that count was not added by amendment until after appellee had filed its motion to dismiss.

The record shows that appellee's motion was captioned "Plaintiff's Motion to Dismiss Defendant's Counterclaim" and was directed at the counterclaim as a whole. Appellee was not required to respond to the amendment to the counterclaim. OCGA § 9-11-15 (a). The cause of action for malicious use of process arose out of the same conduct as that alleged in Counts I and II. The amendment thus related back to the date of the original counterclaim. OCGA § 9-11-15 (c); see generally *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975). Count III was therefore properly included in the counterclaim by the trial court when it considered appellee's motion to dismiss.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 2, 1986.

Herman Rothstein, *pro se.*
*Charles V. Choyce, Jr.*, for appellee.