74964. MEMORIAL MEDICAL CENTER, INC. et al.
v. MOORE et al.
(361 SE2d 49)

BANKE, Presiding Judge.
The appellees sued the appellants to recover for the alleged wrongful death of their child resulting from medical malpractice. The appellants counterclaimed, pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), to recover damages for abusive litigation. Without notice to the appellants, the appellees subsequently filed a notice of voluntary dismissal and, on the same day, obtained an ex parte order from the trial court dismissing their complaint without prejudice. The appellants responded with a "motion to strike and objection to [appellees'] voluntary dismissal." The trial court subsequently denied that motion but further ruled that "the [appellants] shall be allowed to independently adjudicate its (sic) *Yost* counterclaim presently pending in the action." The appellants filed a direct appeal from this order. The appellees have moved to dismiss the appeal based on the pendency of the counterclaim and on the appellants' failure to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34. *Held*:

"While *Yost* eliminated the requirement that claims for malicious use of process be brought in a subsequent action, it did not change the requirement of a favorable termination." *Rothstein v. L. F. Still*

& *Co.*, 181 Ga. App. 113, 116 (351 SE2d 513) (1986). Accord *Smith v. Pierce*, 179 Ga. App. 724, 725 (4) (347 SE2d 692) (1986). "[A] voluntary dismissal [without prejudice] is not a termination of the suit in [defendant's] favor. (Cit.)" *Rothstein*, supra at 115-116. It follows that the trial court was incorrect in concluding that the appellants could continue to pursue their *Yost* counterclaim against the appellees as an independent action, notwithstanding the appellees' voluntary dismissal of their complaint. However, since the counterclaim was never actually dismissed, technically speaking it still remains pending in the court below. Consequently, the dismissal of the complaint cannot be considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1), and it follows that we are without jurisdiction to entertain a direct appeal from it.

We reject the appellants' contention that the trial court's actions somehow resulted in a severance of the main claim from the counterclaim pursuant to OCGA § 9-11-21, so as to establish the main claim as an independent action, the dismissal of which was directly appealable pursuant to *Pizza Ring Enterprises v. Mills Mgt. Sources*, 154 Ga. App. 45 (1) (267 SE2d 487) (1980). In the first place, OCGA § 9-11-21 deals with the joinder and severance of claims asserted against different parties, not the same party. Consequently, it is inapplicable to this case. In the second place, there was obviously no intention on the part of the trial judge to sever the main claim from the counterclaim prior to the dismissal of the main claim, so as to enable the two claims to proceed as independent actions. Indeed, such a ruling would have been both totally illogical and contrary to the express mandate of *Yost*, supra.

*Appeal dismissed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 10, 1987.

*Lee C. Mundell, Anne C. Marscher*, for appellants.
*Carlton R. Stewart, Benjamin S. Williams*, for appellees.