## 74983. CHATHAM COUNTY HOSPITAL AUTHORITY et al. v. MACK.
### (363 SE2d 264)

POPE, Judge.
Plaintiff Lachonda Mack, by and through her parents as next friends, sued defendant Chatham County Hospital Authority, and others, for medical malpractice. After extensive discovery had been pursued, defendant hospital authority counterclaimed, pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), to recover damages for abusive litigation as a result of plaintiff's alleged unnecessary delay in responding to defendant's motion for summary judgment. Without notice to defendant, plaintiff filed a notice of voluntary dismissal and obtained an ex parte order from the trial court dismissing her complaint against the hospital authority without prejudice. Subsequently, the voluntary dismissal was expanded to include all other defendants. Defendant hospital authority responded with a motion to strike plaintiff's voluntary dismissal, claiming the dismissal of the complaint would improperly deny defendant of its right to pursue the

counterclaim. The trial court denied the motion to strike plaintiff's voluntary dismissal but expressly ruled that the defendant would be allowed to adjudicate its *Yost* counterclaim still pending in the action.

Defendant hospital authority filed with this court an application for interlocutory appeal of the trial court's denial of its motion to strike plaintiff's voluntary dismissal, which was denied April 20, 1987. While said application was pending defendant also filed this direct appeal of the same order of the lower court. Plaintiff moved to dismiss the appeal on the ground it is not a proper appeal from a final order due to the pendency of the counterclaim. Plaintiff also requests we impose sanctions and penalties against defendant for bringing an improper appeal. *Held:*

The counterclaim remains pending in this action and the trial court expressly ruled that defendant would be allowed to proceed on its *Yost* counterclaim. "Consequently, the dismissal of the complaint cannot be considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1), and it follows that we are without jurisdiction to entertain a direct appeal from it." *Memorial Med. Center v. Moore*, 184 Ga. App. 176 (361 SE2d 49) (1987). In *Memorial Med. Center* even though the appeal was dismissed for lack of jurisdiction, nevertheless, this court noted that the lower court was incorrect in concluding the defendant could continue to pursue the *Yost* counterclaim because the counterclaim in that case required termination of the plaintiff's claim in favor of defendant. In the case now before us the court did not err in concluding the counterclaim could be pursued despite the voluntary dismissal of the plaintiff's claim. Here, defendant's *Yost* claim was brought in response to plaintiff's alleged abuse of discovery and not to the claim itself. Therefore, a termination of plaintiff's claim in favor of defendant is not a prerequisite for defendant to prevail on its counterclaim. The appeal is dismissed.

However, we deny plaintiff's request to impose sanctions and penalties against defendant. When a party is, in good faith, in doubt over whether it is proper to pursue a direct appeal or to apply for leave to file an interlocutory appeal, this court encourages the party to pursue both avenues rather than risk dismissal for failure to pursue the proper procedure for appeal.

*Appeal dismissed. Motion for sanctions denied. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 4, 1987 —
REHEARING DISMISSED NOVEMBER 20, 1987.

*Anne C. Marscher, Lee C. Mundell,* for appellants.

*Don C. Keenan, David S. Bills*, for appellee.