76155. HARVEY v. MOORE et al.
76156. MEMORIAL MEDICAL CENTER, INC. et al.
v. MOORE et al.
(368 SE2d 784)

BANKE, Presiding Judge.

The appellees filed a wrongful-death action to recover for the loss of their son due to alleged medical malpractice on the part of the appellants, and the appellants counterclaimed to recover damages for abusive litigation. This is the second appearance of the case before this court. In *Memorial Med. Center v. Moore,* 184 Ga. App. 176 (361 SE2d 49) (1987), we dismissed an appeal brought by the appellants from an order allowing the appellees to dismiss their complaint without prejudice, holding that because the appellants' counterclaims had not yet been dismissed, the case technically remained pending in the lower court. Upon the return of the case to the lower court, the trial judge entered an order dismissing the counterclaims, based on language contained in our prior decision to the effect that the abusive litigation claims could not stand independently of the main claim, absent a final adjudication of that claim in the appellees' favor. The appellants thereupon renewed their appeals. *Held:*

1. The appellants assert that the trial court erred in allowing the complaint to be dismissed without prejudice over their objection. The record reflects that the appellees filed their notice of voluntary dismissal on October 31, 1986, and that the trial court entered an ex

parte order allowing the dismissal on that same date. Thereafter, the appellants filed various motions objecting to the dismissal. On March 10, 1987, the trial court denied these motions and reaffirmed its earlier order giving effect to the voluntary dismissal.

The appellants' objection to the dismissal was based on the following language appearing in OCGA § 9-11-41 (a): "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. . . ." We must agree with the appellants that this statutory language precluded the trial court from dismissing the complaint over their objection. "The purpose of the counterclaim limitation on voluntary dismissals is to prevent a plaintiff from invoking the jurisdiction of the court and then withdrawing when the defendant seeks affirmative relief from the plaintiff." *Worthen v. Jones,* 240 Ga. 388, 389 (240 SE2d 842) (1977). Since, as we stated on the first appearance of this case, the appellants' abusive litigation counterclaims are not subject to adjudication absent a termination of the original suit in their favor, it follows that the trial court erred in permitting the appellees to dismiss their complaint without prejudice.

2. Since the dismissal of the appellants' counterclaims was based on the voluntary dismissal of the complaint, and since we have held that the voluntary dismissal should not have been allowed, it follows that the counterclaims should not have been dismissed.

3. The appellants assert that the trial court erred in failing to strike the affidavit of the appellees' expert; and, in a similar vein, appellants Memorial Medical Center, Inc., and Crider assert that the trial court erred in denying their motions for summary judgment. While the record reflects that these motions were pending before the court, it also reflects that the court did not make a ruling on them. Accordingly, these enumerations of error present nothing for review. See *Terry v. Cochran,* 176 Ga. App. 51 (335 SE2d 304) (1985).

4. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 5, 1988 —
REHEARING DENIED APRIL 20, 1988 —

*I. Gregory Hodges, Wendy W. Williamson,* for appellant (case no. 76155).

*Lee C. Mundell, Anne V. Marscher,* for appellants (case no. 76156).

*Benjamin S. Williams, Carlton R. Stewart,* for appellees.