## 76797. GRIGGS v. COLUMBUS BANK & TRUST COMPANY.
(374 SE2d 347)

SOGNIER, Judge.

Vernon Griggs brought suit against Columbus Bank & Trust Company alleging that the bank had wrongfully debited $1,500 from his checking account so that numerous checks he had written were dishonored for insufficient funds. The bank answered, denying the allegations, and after discovery, moved for summary judgment. The bank subsequently amended its answer on July 28, 1986, to assert the defenses of release and accord and satisfaction as the result of an alleged settlement between the parties. In its pre-trial order, the trial court granted summary judgment to the bank only as to Griggs' allegations of fraud, and the case proceeded to trial. Griggs voluntarily dismissed his suit on October 19, 1987, prior to the return of the verdict pursuant to OCGA § 9-11-41 (a). Thirty days after the dismissal, the bank moved pursuant to OCGA § 9-15-14 (e) for imposition of attorney fees and expenses of litigation. The trial court's December

order granting the motion was filed in January 1988 and we granted Griggs' application for discretionary appeal. (We note that Griggs refiled his suit pursuant to OCGA § 9-2-61 (a) in February 1988.)

OCGA § 9-15-14 (e) provides that "[a]ttorney's fees and expenses under this Code section may be requested by motion within 45 days *after the final disposition* of the action." (Emphasis supplied.) However, it is not necessary to decide here whether a voluntary dismissal under OCGA § 9-11-41 (a) is a final disposition or termination of the suit for the purposes of OCGA § 9-15-14. (But see in context of a counterclaim for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), the cases of *Rothstein v. L. F. Still & Co.*, 181 Ga. App. 113, 116 (351 SE2d 513) (1986); *Memorial Med. Center v. Moore*, 184 Ga. App. 176 (361 SE2d 49) (1987); *Harvey v. Moore*, 186 Ga. App. 876 (368 SE2d 784) (1988), cert. granted, *Moore v. Memorial Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988). Rather, our holding that the trial court erred by granting appellee's motion for attorney fees and expenses of litigation is based on OCGA § 9-15-14 (a) and (b).

Under OCGA § 9-15-14 (a), attorney fees and expenses of litigation may be awarded where a party has asserted a claim, defense, or other position completely lacking any justiciable issue of law or fact. Under OCGA § 9-15-14 (b), attorney fees and expenses of litigation may be assessed by the trial court where the action brought or defended by a party or attorney lacked substantial justification, or where the action was interposed for delay or harassment, or where the attorney or party unnecessarily expanded the proceeding by other improper conduct.

In its order imposing expenses of litigation pursuant to OCGA § 9-15-14, the trial court found that appellee "avers" a settlement occurred between the parties; that the issue of settlement would have been submitted upon trial of the case for the jury, as the finder of fact, to determine whether or not a settlement had occurred; that appellant was on written notice appellee would bring a motion pursuant to OCGA § 9-15-14 *if* the jury verdict was $1,500 or less; and that appellant voluntarily dismissed his suit during trial, "thereby depriving [appellee] of having the jury pass on the question of whether or not a settlement occurred." Based on these facts, the trial court awarded appellee expenses of litigation "incurred after the alleged settlement."

Although both parties argue at length in their briefs over the facts surrounding the existence of the alleged settlement, the trial court clearly recognized that a sufficient factual controversy existed regarding the settlement to justify submission of the issue to a jury, as indicated both by the trial court's grant of summary judgment to appellee solely on the issue of fraud in the earlier stages of the litiga-

tion, and also by the language in the trial court's order imposing expenses of litigation. Thus, the grant of appellee's motion pursuant to OCGA § 9-15-14 was not based on any determination by the trial court that the suit asserted and maintained by appellant demonstrated a complete absence of any justiciable issue of law or fact under OCGA § 9-15-14 (a) and (b) or was "interposed for delay or harassment, or . . . unnecessarily expanded the proceeding by other improper conduct" under OCGA § 9-15-14 (b). Rather, the trial court's own order reveals that appellee's motion was granted solely on the basis that appellant voluntarily dismissed his suit during trial.

OCGA § 9-11-41 (a) provides in pertinent part that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case." "A voluntary dismissal under [OCGA § 9-11-41 (a)] is a matter of right and terminates the action. It is not a judgment of the court but it is an order in the case by virtue of the statute." *Page v. Holiday Inns*, 245 Ga. 12-13 (262 SE2d 783) (1980).

Assuming the existence of a justiciable issue for jury determination and the absence of any intent to delay or harass or to expand unnecessarily the proceedings, it is self-evident that no plaintiff would exercise his statutory right to dismiss his case voluntarily if he believed the case was proceeding satisfactorily. It is equally self-evident that a plaintiff's exercise of this statutory right would be particularly irksome to the defendant in the case, who is powerless to abridge the plaintiff's dismissal in the absence of any pending affirmative relief being sought. The unavoidable result of the use by a plaintiff of the voluntary dismissal statute is to deprive the defendant of having a factfinder pass on the question in issue. Thus, the inescapable conclusion is that the legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit *despite* the inconvenience and irritation to the defendant.

The trial court here has acknowledged that the case voluntarily dismissed by appellant contains a meritorious justiciable issue for jury determination, and there is no evidence that the dismissal was made for delay or harassment or to expand unnecessarily the proceedings. All appellant has done is dismiss voluntarily his suit pursuant to OCGA § 9-11-41 (a). We do not agree with the trial court that appellant's exercise of his statutory right can in and of itself subject appellant to penalties under OCGA § 9-15-14 when none of the grounds for imposing those penalties exists. "OCGA § 9-15-14 (a) provides for a mandatory award. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." (Footnote deleted.) *Haggard v. Bd. of Regents &c. System*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566)

(1987). Therefore, under both the "any evidence" standard applicable to OCGA § 9-15-14 (a) and the "abuse of discretion" standard applicable to OCGA § 9-15-14 (b), we hold that the trial court erred by awarding appellee expenses of litigation.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 7, 1988.

*Weyman E. Cannington, Jr.,* for appellant.
*William G. Scrantom III,* for appellee.