## 76680. EFSTATHIOU et al. v. SAUNDERS et al.
### (376 SE2d 413)

BENHAM, Judge.

Landowner/appellee Saunders applied to the district processioners to trace and mark the western boundary of his property. See OCGA § 44-4-2. Adjoining landowners, appellants Efstathiou, dissatisfied with the line run and marked by the processioners and county surveyor, filed a protest, and a jury trial was had. See OCGA § 44-4-9. This appeal is from the judgment entered on the jury verdict in favor of Saunders.

1. Appellants contend the trial court erred in denying their motions for new trial and for judgment notwithstanding the verdict. "The standard for granting a directed verdict or a judgment notwithstanding the verdict is the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be granted. [Cit.] . . . A judgment notwithstanding the verdict is improperly granted in the face of conflicting evidence, and an appellate court must view the evidence in the light most favorable to the party who secured the jury verdict." *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983). In the case at bar, the processioners testified about the natural landmarks (hedgerows of older trees, rock piles, a drainage ditch, and the land's elevation) that caused them to trace the disputed Saunders-Efstathiou boundary line in accordance with those natural landmarks. Appellants' claim to the disputed property is based upon the property description contained in their deed. However, natural landmarks are "the most conclusive evidence" of a disputed line, while courses and distances are resorted to in the absence of higher evidence. OCGA § 44-4-5. Inasmuch as there was conflicting evidence, a verdict in favor of appellants was not demanded, and it was not error to deny appellants' motion for j.n.o.v. Id. Because there was evidence to support the jury's verdict, the trial court did not err in denying appellants' motion for new trial. OCGA §§ 5-5-20 and 5-5-21.

2. In its instruction to the jury concerning the form of the verdict, the trial court, in essence, told the jury to either find in favor of the processioners' return or, if that line had not been satisfactorily proven, to find the appropriate boundary. Appellants argue that the trial court erred in requiring the jury to find a line. Appellants contend that the jury should have been permitted to return a verdict reflecting only their conclusion that the processioners' return was erroneous.

The statute provides that a dissatisfied adjoining landowner may file a protest specifying "the lines objected to and the true lines as claimed by him. . . . The verdict of the jury and the judgment of the

superior court shall be framed to meet the issue tried and decided. . . ." OCGA § 44-4-9. "[T]he issue on the trial of a protest to the processioners' return is not necessarily confined to the question of whether the line as marked by them should be sustained, but it is permissible for the protestant to obtain a verdict setting up the line as declared in his protest, if the evidence shall so warrant. [Cits.]" *Earney v. Owen*, 213 Ga. 412, 415 (99 SE2d 201) (1957). If there is no evidence to warrant a finding of a line other than that traced by the processioners, the jury should be instructed to find only that the processioners' return was in error. Where, as here, however, there is evidence to support a line distinct from that in the processioners' return, it is not error to refuse to limit the jury's deliberations to the issue of the validity of the processioners' return. Id.

3. While the jury was deliberating, appellees withdrew the abusive litigation counterclaim they had filed. However, appellants had filed an abusive litigation amendment to their complaint in response to appellees' assertion of such a claim. When appellees withdrew their *Yost* claim (*Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986)), the trial court ruled that appellants would not be entitled to *Yost* damages unless they prevailed on the merits of the underlying action. Upon return of the jury verdict in favor of appellees, the trial court dismissed appellants' claim for abusive litigation damages. Appellants claim error in the dismissal.

Appellants' *Yost* claim was involuntarily dismissed because appellants had not prevailed in the underlying action. While a favorable disposition in the previous litigation was a necessary element of the common-law tort of malicious use of process (*Baldwin v. Davis*, 188 Ga. 587 (1b) (4 SE2d 458) (1939)), the tort of abusive litigation contains no such prerequisite. See *Yost*, Division 13. The perception of such a requirement has sprung from dicta of this court in *Rothstein v. L. F. Still & Co.*, 181 Ga. App. 113, 116 (351 SE2d 513) (1986). See *Memorial Med. Center v. Moore*, 184 Ga. App. 176 (361 SE2d 49) (1987). Cf. *Harvey v. Moore*, 186 Ga. App. 876 (368 SE2d 784) (1988), rev'd sub nom, *Moore v. Memorial Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988). In actuality, a favorable disposition is not always necessary in order to pursue a *Yost* claim. A party may assert a *Yost* claim if, among other things, another party "unnecessarily expands the proceedings by . . . improper conduct. . . ." *Yost*, Division 13. If a *Yost* claim is based upon the opposing party's act of filing a certain claim, defense, or other position, and a factfinder finds in favor of the opposing party on that claim, defense, or other position, the verdict is prima facie evidence that the winning party's claim, defense, or other position did not lack substantial justification, thereby vitiating the *Yost* claimant's *Yost* case. See, e.g., *West v. Veterans Admin.*, 182 Ga. App. 767 (3) (357 SE2d 121) (1987); *Smith v. Pierce*, 179 Ga. App.

724 (4) (347 SE2d 692) (1986). If, however, a *Yost* claim is based on conduct other than filing a claim, defense, or other position, or is based upon an asserted claim, defense, or other position, the merits of which a factfinder does not reach (see, e.g., *Harvey v. Moore*, supra), a verdict in favor of the *Yost* defendant on the main claim does not necessarily preclude the continuation of the *Yost* claim. In the case at bar, appellants maintained that appellees' act of filing the *Yost* counterclaim "unnecessarily expand[ed] the proceedings . . . and lack[ed] substantial justification." The jury's determination that the processioners' return accurately reflected the Efstathiou/Saunders boundary line did not resolve the issue whether appellees' assertion of a *Yost* counterclaim was a *Yost* violation. Since the basis of appellants' *Yost* allegation was not put to rest by the jury's verdict, it was error to dismiss appellants' *Yost* claim due to lack of a favorable disposition of the main claim.

The Supreme Court's holding in *Yost* requires disposition of the *Yost* claim by the *same* factfinder who decided the underlying action. *Yost*, Division 15. Since the jury which reached a verdict in the underlying action in the case at bar has been dismissed, the *Yost* "same factfinder" mandate would compel us to reverse the untainted judgment in the underlying action (the processioning) in order that the same factfinder would hear both claims. However, it appears that the Supreme Court has modified its position and will now permit pursuit of a *Yost* claim independent of the underlying action. In *Moore v. Memorial Med. Center*, supra, the Supreme Court stated that a *Yost* claimant, upon voluntary dismissal without prejudice of the underlying action, may proceed to adjudication of the merits of the *Yost* claim, or wait and pursue the abusive litigation claim when the plaintiff refiles the underlying action or the time therefor elapses. By giving the *Moore Yost* claimant this variety of channels through which it may pursue its cause of action, some of which require the existence of one factfinder determining the underlying cause of action and another factfinder determining the abusive litigation claim, the Supreme Court has implicitly withdrawn the requirement that the same factfinder hear both claims. Based upon the Supreme Court's holding in *Moore*, supra, we therefore affirm the judgment in the main claim and reverse the trial court's dismissal of appellants' *Yost* claim.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1988 —
REHEARING DENIED DECEMBER 5, 1988 — 

*Franklin E. Remick*, for appellants.

*J. Byrd Garland*, for appellees.