A09A1277. HART v. REDMOND REGIONAL MEDICAL
CENTER et al.
(686 SE2d 130)

BERNES, Judge.

Larry Eugene Hart appeals from the trial court's order requiring him to pay attorney fees to Redmond Park Hospital, LLC d/b/a Redmond Regional Medical Center and Amanda Edmondson, RN ("appellees") for discovery violations and his failure to comply with a trial court order compelling discovery.[1] Hart argues that the trial court lacked jurisdiction to issue the order following his voluntary dismissal of the underlying lawsuit and that the award is contrary to the legislative intent authorizing voluntary dismissal.[2] We disagree and affirm.

On May 6, 2008, Hart filed suit against appellees alleging various torts and seeking monetary damages. Appellees answered Hart's complaint and served him with written discovery. When Hart failed to provide the answers to discoverable information requested

---

[1] Although the trial court's order also contained an award of attorney fees in favor of appellees against Hart's counsel, Hart's counsel is not a party to the present appeal.

[2] To the extent that Hart raises additional arguments for the first time in his reply brief, those contentions are waived and will not be considered. See *McReynolds v. Prudential Ins. Co. of America*, 276 Ga. App. 747, 751 (1) (b) (624 SE2d 218) (2005); *Currid v. DeKalb State Court Probate Dept.*, 274 Ga. App. 704, 707 (1), n. 8 (618 SE2d 621) (2005).

in interrogatories and deposition questioning — including such questions as the names of his children and former wives — appellees filed a motion to compel. Following a hearing on the motion, the trial court ordered Hart to comply with various discovery requests and further ordered that Hart pay appellees' attorney fees.

Hart failed to comply with the trial court's order. Consequently, appellees filed a motion to dismiss Hart's complaint as a sanction and sought additional attorney fees. The trial court scheduled a hearing to be conducted on appellees' motion on December 18, 2008. Ten days prior to the hearing, Hart voluntarily dismissed his lawsuit without prejudice pursuant to OCGA § 9-11-41 (a).[3]

The trial court nonetheless held a hearing on appellees' motion for attorney fees, which it granted. Citing both OCGA §§ 9-11-37[4] and 9-15-14,[5] the trial court awarded appellees additional attorney fees based upon Hart's and his counsel's

> improper conduct during this litigation and noncompliance with the rules of discovery and with the [trial court's order following appellees' motion to compel], having unnecessarily expanded the proceedings, necessitating additional action by [the appellees], including but not limited to, the filing of additional motions.[6]

---

[3] OCGA § 9-11-41 (a) (1) (A) authorizes a plaintiff to voluntarily dismiss a lawsuit without prejudice "at any time before the first witness is sworn."

[4] OCGA § 9-11-37 authorizes and, in some circumstances, mandates an award of attorney fees for certain discovery violations or a party's refusal to comply with a trial court's order compelling discovery, absent a finding that the conduct was substantially justified or that other circumstances render the award unjust. OCGA § 9-11-37 (a) (4) (A), (b) (2) (E), (d) (1).

[5] OCGA § 9-15-14 (b) provides, in pertinent part:
The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, . . . it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act."

[6] Asserting that sanctions rendered under OCGA § 9-15-14 require an application for discretionary appeal, appellees move to dismiss this appeal for lack of jurisdiction in both their brief and in a separate motion. See OCGA § 5-6-35 (a) (10). But the trial court's order expressly provided that the award was made pursuant to both OCGA § 9-15-14 and OCGA § 9-11-37. While, as set forth above, the award was authorized pursuant to OCGA § 9-15-14, we nonetheless recognize that the trial court lacked jurisdiction to render the additional post-dismissal sanction under OCGA § 9-11-37. See *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197, 197-198 (404 SE2d 346) (1991). Regardless, having been explicitly rendered under OCGA § 9-11-37 following the voluntary dismissal, the judgment was final and directly appealable to this Court. See generally OCGA § 5-6-34 (a) (1); *American Express Co. v. Baker*, 192 Ga. App. 21, 24 (2) (383 SE2d 576) (1989); *Vaughn v. Cable East Point*, 185 Ga. App. 203 (363 SE2d 639) (1987). See also *Cagle v. Davis*, 236 Ga. App. 657, 660 (3) (513 SE2d 16) (1999) ("[T]he Supreme Court of Georgia has held that an award of attorney fees [under OCGA § 9-15-14] need not be appealed through the discretionary

1. Hart first argues that the trial court lacked jurisdiction to render the attorney fee award after he voluntarily dismissed his lawsuit. Hart's position, however, is directly contrary to the express language of OCGA § 9-15-14 (e), which authorizes a party to move for attorney fees up to 45 days "after the final disposition of the action." This provision "provides a statutory exception to post-judgment jurisdiction as a limited 'window of opportunity' to seek such sanctions." (Citation and punctuation omitted.) *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006). As we have previously explained,

> mere voluntary dismissal under OCGA § 9-11-41 (a) is not "final" because [Georgia law] allows an action to be re-newed after dismissal. "Final disposition" does not occur until a second dismissal, expiration of the original appli-cable period of limitations, or six months after the discon-tinuance or dismissal, whichever is later. [Otherwise], the "window of opportunity" would begin to run while the case could still be renewed, and a litigant could lose the right to seek OCGA § 9-15-14 penalties after a dismissal that proved to be only temporary rather than final.

(Citations and punctuation omitted.) *Meister v. Brock*, 268 Ga. App. 849, 850 (1) (602 SE2d 867) (2004). See also *Harris*, 278 Ga. App. at 167. Accordingly, Hart's argument lacks merit.

2. Relying on *Griggs v. Columbus Bank & Trust Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988), Hart further argues that the trial court's grant of attorney fees violated the legislative intent behind OCGA § 9-11-41 (a). In *Griggs*, we observed that

> the inescapable conclusion is that the legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit despite the inconvenience and irritation to the defendant.

(Emphasis omitted.) Id. at 743.

The facts of *Griggs* are distinguishable from the facts of the instant case. In *Griggs*, the trial court held that the plaintiff's case involved a meritorious justiciable issue for jury determination and stated that there was no evidence that by voluntarily dismissing the lawsuit, the plaintiff intended to delay, harass, or expand unneces-

---

application process when a direct appeal from the underlying judgment is pending.") (citation omitted). Appellees' motion to dismiss the appeal is denied.

sarily the proceedings. Id. at 743. The trial court nonetheless awarded attorney fees pursuant to OCGA § 9-15-14. On appeal, we held that a plaintiff's invocation of OCGA § 9-11-41 (a) does not, in and of itself, subject a plaintiff to penalties under OCGA § 9-15-14 "when none of the grounds for imposing those penalties exists." Id.

In contrast, the trial court in this case concluded that Hart's improper conduct during discovery obligated appellees to seek intervention from the trial court and then, even after the trial court intervened, Hart disregarded the order compelling his cooperation. Consequently, appellees incurred needless expense, and the litigation was unnecessarily expanded prior to Hart's voluntary dismissal. The trial court's award of attorney fees under these circumstances, unlike those presented in *Griggs*, does not thwart the intended purpose of OCGA § 9-11-41 (a).[7] See, e.g., *Bircoll v. Rosenthal*, 267 Ga. App. 431, 437 (1), 439-440 (2) (c) (600 SE2d 388) (2004); *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426, 427 (425 SE2d 416) (1992).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 11, 2009 —
RECONSIDERATION DENIED OCTOBER 28, 2009.

*Jeffrey W. Duncan*, for appellant.
*Insley & Race, Kevin P. Race, Moses Kim*, for appellees.

---

[7] Appellees' motion to award penalty for frivolous appeal is denied.