# Court of Appeals
# of the State of Georgia

ATLANTA,  October 17, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0356.  CRANDALL O. POSTELL v. WESLEY M. MATHIS et al.

Wesley M. Mathis and Beverly C. Mathis (collectively, the "Plaintiffs") filed a petition to quiet title as to certain real property, naming multiple parties as respondents, but not Crandall O. Postell. In response, Postell sought to intervene in the action and filed a counterclaim against the Plaintiffs. Postell also asserted claims against former Crisp County Tax Commissioner, Cricket Adkins, and the Board of Commissioners of Crisp County (collectively, the "Third-Party Defendants").

The Plaintiffs filed a motion to dismiss Postell's counterclaim, arguing that he lacked standing because he was not a party to the action. The Third-Party Defendants separately moved to dismiss Postell's claims against them, arguing, in pertinent part, that they were not proper parties to the case. The trial court issued an order granting the Plaintiffs' and Third-Party Defendants' respective motions to dismiss. Postell then filed the instant direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Although the trial court dismissed Postell's claims and counterclaims, the Plaintiffs' quiet title petition has not been adjudicated and remains pending below.  Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b).  See id.; *Chatham County Hosp. Auth. v. Mack*, 185 Ga. App. 13, 14 (363 SE2d 264) (1987); *Johnson v. Gwinnett County Bank*, 156 Ga. App. 597, 597 (1) (275 SE2d 157) (1980).

Postell's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  10/17/2017  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

                  *Stephen E. Castlen*        *, Clerk.*