# Court of Appeals
# of the State of Georgia

ATLANTA,  August 19, 2022

*The Court of Appeals hereby passes the following order:*

### A22A1690. BERNA MASON v. PERMANENT GENERAL ASSURANCE CORPORATION et al.

Berna Mason sued Permanent General Assurance Corp., Permanent General Assurance Corp. of Ohio, and the General Automobile Insurance Company (collectively "Defendants") for breach of contract and unjust enrichment. Defendants filed an answer and defenses, along with a counterclaim against Mason for abusive litigation, seeking recovery of litigation expenses under OCGA §§ 51-7-80 et seq., 9-15-14, and 13-6-11. Defendants also filed a motion for judgment on the pleadings. The trial court entered an order granting Defendants' motion for judgment on the pleadings. The order did not address Defendants' counterclaim, which remains pending. Mason filed this direct appeal. Defendants have filed a motion to dismiss the appeal, arguing that we lack jurisdiction. We agree.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (punctuation omitted). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the trial court did not rule on Defendants' counterclaim, and it did not

direct the entry of judgment under OCGA § 9-11-54 (b). Consequently, this action remains pending in the trial court, and Mason therefore was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting Defendants' motion for judgment on the pleadings. See OCGA § 5-6-34 (b); *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); *Chatham County Hosp. Auth. v. Mack*, 185 Ga. App. 13, 14 (363 SE2d 264) (1987). Mason's failure to do so deprives us of jurisdiction over this premature direct appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Accordingly, Defendants' motion to dismiss the appeal is GRANTED, and the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/19/2022*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
_____ *, Clerk.*