45806. MOORE et al. v. MEMORIAL MEDICAL CENTER, INC. et al.

(373 SE2d 204)

Gregory, Justice.

The writ of certiorari was granted to consider an issue raised by the opinion in *Memorial Medical Center, Inc. v. Moore* 186 Ga. App. 876 (368 SE2d 784) (1988). The issue is whether a plaintiff has the right to voluntarily dismiss an action without prejudice after the defendant has filed a counterclaim for abusive litigation as defined in *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986).

The right of a plaintiff to voluntarily dismiss an action is governed by OCGA § 9-11-41 (a). The plaintiff may exercise this right without court permission from the commencement of the action until the plaintiff rests his or her case. Thereafter, permission of the court is necessary. If a counterclaim is pleaded by the defendant before being served with the plaintiff's motion to dismiss, the action may not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication.

The Court of Appeals reasoned that an abusive litigation counterclaim is not subject to adjudication in the absence of a termination of the suit in favor of defendant. If a plaintiff voluntarily dismisses without prejudice, the suit would not have terminated in favor of the defendant. Because the counterclaim cannot remain pending for independent adjudication if the complaint is voluntarily dismissed, the Court of Appeals concluded that the action should not be voluntarily dismissed without prejudice over defendant's objection. The problem with this result is it eliminates the right of a plaintiff to dismiss in every *Yost* case, an outcome hardly contemplated by the drafters of OCGA § 9-11-41 (a).

In our view the redefinition of the old torts of malicious abuse and malicious use of the judicial process into the tort of abusive litigation, with the accompanying procedural rules, accomplished in *Yost* allows a different result which preserves the right of a plaintiff to dis-

miss and the right of a defendant to recover for abuse of litigation.[1] In *Yost* we laid down the procedural rule that the abusive litigation claim constitutes a compulsory counterclaim or additional claim. Then we held it was to be decided in a bifurcated proceeding after the "disposition" of the underlying action. We now interpret "disposition" to include a voluntary dismissal without prejudice by the plaintiff under OCGA § 9-11-41 (a). Under these circumstances it is not necessary that the underlying action be finally terminated in defendant's favor. The abusive litigation counterclaim may proceed to adjudication on its merits based on all the relevant facts which have occurred to the point of dismissal including the dismissal itself.

Furthermore, the counterclaim may, at the election of defendant, remain pending without further prosecution until plaintiff refiles a complaint for the underlying action or the time elapses during which he may do so. The defendant may then elect to pursue the pending counterclaim or dismiss it and file another counterclaim in the newly filed lawsuit. If defendant elects to pursue the original counterclaim to judgment it will be res judicata only as to any *Yost* claim embracing facts which occurred up to and including plaintiff's dismissal.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 26, 1988 — RECONSIDERATIONS DENIED NOVEMBER 22, 1988.

*Bennett, Williams & Henry, Benjamin S. Williams*, for appellants.

*Oliver, Maner & Gray, L. Gregory Hodges, Thomas A. Withers, Wendy Woods Williamson, Lee C. Mundell, Anne C. Marscher*, for appellees.

*Don C. Keenan*, amicus curiae.

---

[1] The appellees argue in favor of a "stand and fight" rule. By this they mean that once the plaintiff files his complaint and the defendant answers the issues between them ought to be resolved then and there. They argue the Court of Appeals opinion fosters that concept. But we think that is a question which directly addresses the wisdom of allowing a plaintiff to voluntarily dismiss without prejudice. If that is unwise, and we express no opinion one way or the other, OCGA § 9-11-41 (a) should be amended.