A89A0334. AMERICAN EXPRESS COMPANY v. BAKER.
(383 SE2d 576)

POPE, Judge.

Plaintiff American Express Company brought suit against defendant Ronald R. Baker to collect a sum allegedly owed on an account. Defendant answered and filed a counterclaim for abusive litigation. When plaintiff failed to respond to defendant's discovery requests, defendant filed a motion to compel. The motion was set for oral argument at 9:00 a.m. on June 24, 1988. Prior to the hearing, plaintiff announced in open court its voluntary dismissal of the complaint. Written notice of the voluntary dismissal was filed with the clerk at 9:45 a.m. The court nevertheless conducted a hearing on defendant's motion and, on the same day, issued an order awarding attorney fees to defendant and instructing plaintiff to make its representative available for deposition by August 1, 1988. The order recited that plaintiff had filed a dismissal of its claim. Plaintiff failed to comply with the court's order and on September 9, 1988, in response to defendant's motion, the court issued an order holding plaintiff in willful contempt of its previous order and imposing attorney fees and costs totaling $2,405. The order further directed the Sheriff to incarcerate Mr. T. M. Groder, plaintiff's employee, until he paid the assessed fees and submitted to deposition on September 29, 1988. Plaintiff appeals both the original order granting defendant's motion to compel and the subsequent order holding plaintiff and Groder in contempt.

1. The threshold issue in this case is whether *Moore v. Memorial Med. Center,* 258 Ga. 696 (373 SE2d 204) (1988), should be applied retroactively. In *Moore,* the Georgia Supreme Court held that a counterclaim for abusive litigation may survive the voluntary dismissal of plaintiff's claim. However, the orders which are the subject of this appeal were entered prior to the date *Moore* was decided. Prior to the *Moore* decision, this court had held that an abusive litigation counterclaim does not survive an independent cause of action once the plaintiff's claim was voluntarily dismissed. See *Memorial Med. Center v. Moore,* 184 Ga. App. 176 (361 SE2d 49) (1987), rev'd 258 Ga. 696, supra; *Rothstein v. L. F. Still & Co.,* 181 Ga. App. 113 (2c) (351 SE2d

513) (1986). Plaintiff argues that the *Moore* decision should not be applied retroactively and that, at the time these orders were entered, because the complaint had been dismissed then the entire case was dismissed so that the court lacked jurisdiction to rule on defendant's motion.

We hold that *Moore* should be applied retroactively so as to preserve defendant's abusive litigation counterclaim. In *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971), the United States Supreme Court set forth three factors which a court should consider in determining whether a judicial decision should or should not be applied retroactively. First, a non-retroactive decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied [cit.] or by deciding an issue of first impression whose resolution was not clearly foreshadowed [cit.]." Id. at 106. If the decision does set forth a new principle of law, then, as the next step, the court must balance the merits and demerits of the particular case " 'by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' [Cit.]" Id. at 107. Finally, the court should consider whether retroactive application would cause an inequitable result of injustice or hardship. See also *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (3) (300 SE2d 673) (1983).

The *Moore* decision does overrule the previous decisions of this court on the issue of whether an abusive litigation counterclaim survives the voluntary dismissal of the original claim. However, we believe the other factors set forth in the *Chevron Oil Co.*, case militate for the retroactive application of *Moore*. The very purpose of the Georgia Supreme Court in redefining the common-law claim for abusive litigation was to assure that a plaintiff with a bona fide claim would not be denied an "effective means of relief against a defendant who employs improper defensive tactics." *Yost v. Torok*, 256 Ga. 92, 94 (6) (344 SE2d 414) (1986). This purpose will be promoted by the retroactive application of *Moore*; it would be thwarted if we were to refuse to apply *Moore* to the procedural facts and circumstances of the case at hand. A refusal to apply *Moore* to the case at hand would result in injustice and hardship not to the plaintiff but to the defendant, because he would be effectively precluded from pursuing his claim for abusive litigation. The only resulting hardship to plaintiff by our retroactive application of *Moore* is to require plaintiff to respond to a claim and to be held liable, if the claim is proven, for the tort which was defined in *Yost* well before plaintiff filed its complaint. The plaintiff knew or should have known at the time it filed its complaint that it would be subject to liability for abusive litigation if the complaint lacked substantial justification. We find defendant's counterclaim for abusive litigation survived the plaintiff's voluntary dis-

missal of the initial claim and, therefore, the court did not lack jurisdiction to rule on defendant's motions after plaintiff's complaint had been dismissed.

2. The court found plaintiff in wilful contempt of its order compelling response to discovery and requiring plaintiff to make a representative available for deposition and to pay attorney fees and costs for failure to make a representative available for a previously noticed deposition. As a result of finding plaintiff in wilful contempt, the court ordered plaintiff's employee, T. M. Groder, to be incarcerated until he paid the attorney fees and costs awarded in the original order to compel, paid additional attorney fees for defendant's bringing the motion for sanctions, responded to defendant's discovery requests and submitted to a deposition at a stated time and date. We find this portion of the court's contempt order to be an abuse of discretion. Pursuant to OCGA § 9-11-37 (b) (2), the court may impose sanctions against "a party or an officer, director, or managing agent of a party or a person designated under paragraph (6) of subsection (b) of Code Section 9-11-30 . . . to testify on behalf of a party . . . ." Although the record contains no written notice of plaintiff's designating Groder as its representative for deposition, the undisputed facts asserted in defendant's motion to compel and motion for sanctions, and recited in the court's order compelling discovery, indicate Groder was informally designated as plaintiff's agent by plaintiff's agreement to make him available for deposition. As the designated representative of a party, Groder is subject to the imposition of sanctions pursuant to OCGA § 9-11-37 (b) (2). However, the court's contempt order shows that sanctions were imposed upon him for contempt of the earlier order which was not directed to him. The earlier order compelling plaintiff's response to defendant's discovery was directed only to plaintiff. It was plaintiff, and not its employee, Groder, who was ordered to pay attorney fees and costs and to respond to defendant's discovery requests. The earlier order did not direct Groder to appear for deposition but directed plaintiff "to have its representative appear for a deposition . . . ." A person cannot be found in contempt of a court order or writ which was not directed to him. *Yarbrough v. First Nat. Bank of Atlanta*, 143 Ga. App. 399 (238 SE2d 758) (1977). Thus, the court improperly imposed sanctions against Groder for failing to comply with an order directed to the plaintiff. However, the plaintiff did fail to comply with the court's initial order compelling response to defendant's discovery request, ordering plaintiff to make its representative available for deposition and ordering plaintiff to pay attorney fees and costs. Thus, the court did not err in prohibiting plaintiff from presenting witnesses to testify at the trial of the case as authorized by OCGA § 9-11-37 (b) (2) (B).

The contempt order recited that the award of attorney fees and

costs was made a judgment of the court "which may be enforceable by any [p]ost [j]udgment collection methods, including but not limited to garnishment, attachment and execution." Plaintiff argues that the court erred in making the award immediately enforceable because only final judgments can be enforced. Curiously, if plaintiff's contention were correct then this court would have no jurisdiction over plaintiff's appeal, for if the contempt order was not final, then plaintiff's direct appeal would have to be dismissed for plaintiff's failure to obtain a certificate of immediate review and to apply for interlocutory appeal. Although the trial court did not employ the language of OCGA § 9-11-54 (b) in directing entry of a final judgment on the award of attorney fees and costs, nevertheless, the trial court unequivocally expressed its intent for the award to be final by declaring the award to be a judgment enforceable by post judgment collection. We find no error in making the award of attorney fees and costs immediately enforceable.

Because we find the order imposing sanctions was made a final judgment, defendant's motion to dismiss the appeal is denied. Defendant's motion to supplement the record with the record of a previous lawsuit between these two parties is also denied.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1989 —
REHEARING DENIED JUNE 21, 1989 —

*Alston & Bird, G. Conley Ingram, John I. Spangler III, Rita T. Williams*, for appellant.
*Edwin M. Saginar*, for appellee.