A99A1557. MURRAY v. FITZGERALD CONVENIENT CENTERS, INC.
(521 SE2d 915)

ELLINGTON, Judge.

Debra Murray sued Fitzgerald Convenient Centers, Inc. ("the store") for injuries sustained when she fell on the store's premises. The trial court granted the store's motion for summary judgment, and Murray appealed. Because we conclude that material questions of fact remain regarding the store's negligence and regarding Murray's exercise of care for her own safety, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the record shows that Murray was traveling

with her family when they stopped at the store to buy snacks and drinks. After she had made her purchases, Murray was crossing a concrete surface to return to her car. Her foot sank into a hole to a depth midway between her foot and knee. The hole provided access to an underground storage tank for gasoline deliveries, inventory measurements and other servicing. Inventory measurements were supposed to be made daily. The hole was normally covered with a metal manhole-type cover approximately 13 inches across. Whoever removed the cover, i.e., an employee of the gasoline supplier for gasoline deliveries, an employee of the store for inventory measurements, or an employee of a service company for other servicing, was responsible for properly securing the cover. The hole cover was not equipped with a bolt or latch to hold it in place but was held in place by its weight. When properly seated in the rim, the cover would not tip or shift when stepped or driven on. The only explanation offered for how Murray's foot sank into the hole was that the cover was askew by at least an inch and flipped on its side when Murray stepped on it, allowing her foot to drop into the hole.

1. In her first enumeration of error, Murray argued that the trial court erred in granting summary judgment.[1] We agree and reverse.

(a) Pursuant to OCGA § 51-3-1, a store owes a statutory duty to its customers, as invitees, to exercise ordinary care to keep the premises and approaches reasonably safe and "not to expose the invitees to unreasonable risk or to lead them into a dangerous trap." (Citations omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997).

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

---

[1] In her fifth enumeration of error, Murray argued that the trial court, which cited only *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), in support of the grant of summary judgment, applied the wrong standard. Although we agree that the trial court erred in granting summary judgment, we note that *Alterman Foods v. Ligon* has not been overruled. See *Robinson v. Kroger Co.*, 268 Ga. 735, 747-748 (2) (b) (493 SE2d 403) (1997).

Id. at 748-749 (2) (b).

The evidence is undisputed that Murray did not look down before she stepped on the hole cover. The store argues that, if the hole cover had been missing or askew enough to flip sideways when stepped on, Murray would have seen the hazard if she had looked and could have avoided stepping on the unstable cover; therefore, Murray failed to exercise ordinary care for her personal safety. The store, however, cannot establish as a matter of law that Murray failed to exercise ordinary care merely by showing that she admitted that she

> did not look at the site on which [she] placed [her] foot or that [she] could have seen the hazard had [she] visually examined the [ground] before taking the step which led to [her] downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.

*Robinson v. Kroger Co.*, 268 Ga. at 748.

In this case, Murray stepped on a manhole cover in the area outside a convenience store where customers are expected to park and walk to fuel their cars and to enter the store to pay for fuel and make other purchases. Whether the manhole cover should have alerted Murray to the possibility that a hole beneath was not properly covered remains a question for the jury to determine,

> for it is the plaintiff's knowledge of the specific hazard precipitating a slip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of hazardous conditions which plaintiff observes and avoids.

*Freyer v. Silver*, 234 Ga. App. 243, 247 (3) (507 SE2d 7) (1998). Furthermore, in this case there is no direct evidence regarding how the cover actually looked before Murray stepped on it; therefore, the record on summary judgment did not establish as a matter of law that the hazard posed by the hole was open and obvious, as the store contends. Cf. *MARTA v. Fife*, 220 Ga. App. 298, 300-301 (2) (469 SE2d 420) (1996) (whole court) (drainage culvert was an open and obvious static condition); *Tollman v. Zamani*, 224 Ga. App. 518, 519-520 (481 SE2d 232) (1997) (a block, approximately ten inches high and thirty inches wide with metal bolts protruding from the top, was an open and obvious static condition). Under these facts, only a jury can decide whether the appearance of the cover, and any gap which existed between the cover and the rim of the hole, was such that an

ordinarily careful person would have recognized that stepping on the cover posed a hazard. Therefore, the trial court erred in concluding as a matter of law that Murray failed to exercise ordinary care for her own safety.

(b) The trial court also erred in concluding as a matter of law that the store lacked constructive knowledge of the hazard. The store's duty to use care toward making its premises safe for its customers "includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." *Robinson v. Kroger Co.*, 268 Ga. at 740 (1).

In this case, the store knew, and Murray did not know, that as part of the operation of the store's business the manhole covers on the property were moved, on approximately a daily basis, to fill and inventory the storage tanks. The store presented no evidence that it performed reasonable inspections to ensure that covers, once moved, were restored to a secure and safe position. *Kelley v. Piggly Wiggly Southern*, 230 Ga. App. 508, 510-511 (2) (496 SE2d 732) (1998). Furthermore, since the store failed to produce evidence within its control of when the covers in the area where Murray fell had last been moved for fuel delivery, inventory or servicing, OCGA § 24-4-22 allows an inference to be drawn that the cover had been out of place for a length of time sufficient to impute knowledge of the condition to the store. *Jones v. Krystal Co.*, 231 Ga. App. 102, 107-108 (498 SE2d 565) (1998); see also *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 31 (1) (500 SE2d 353) (1998) (defendant's failure to submit affidavits from the employees who carried out the purported inspections and sweeping allowed an inference to be drawn that their testimony would show that they did have actual or constructive knowledge of the hazard but negligently failed to remove it).

Material issues of fact remain as to whether the store had constructive knowledge of the hazard on its property and whether Murray exercised ordinary care for her own safety in detecting and avoiding the hazard posed by an improperly placed manhole cover on the store's property. This case falls within the general rule that such matters "are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. at 748. The grant of summary judgment in this instance was in error.

2. In her second, third and fourth enumerations of error, Murray contends that the trial court erred in denying her three motions for sanctions under OCGA § 9-15-14. Because the record is devoid of any judgment, decision, decree or other ruling with regard to those motions, nothing has been presented for this Court to review. OCGA

§§ 5-6-31; 5-6-33; 5-6-34; 5-6-35 (a) (10).
*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 1999.

*Kunle Ogundele*, for appellant.
*Misner, Scott & Grate, Donald J. Grate, Allison B. Lawler*, for appellee.