## A06A2304. BRITTON et al. v. FARMER et al.
(642 SE2d 415)

SMITH, Presiding Judge.

In this premises liability case, Lawrence and Debra Britton sued several parties for injuries Lawrence Britton sustained when he fell through an opening in the second story floor of a garage. The trial court granted summary judgment to all defendants. Because there is an issue of fact with regard to whether Britton exercised ordinary care for his safety, we reverse the grant of summary judgment in part.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of

---

review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799 (521 SE2d 915) (1999).

Construing the evidence most favorably to the Brittons, the record reveals that on September 6, 2002, Keith and Michelle Woodward moved into a home owned by Roy and Sue Farmer pursuant to an occupancy agreement between the parties. The Farmers had already vacated the home, and the sale of the home to the Woodwards was to take place at a later date. Next to the home was a two-story garage with a spiral staircase connecting the two floors. On the second floor of the garage was an office with a two-foot by five-foot opening in the floor. The opening was located just to the inside of the inward opening office door and slightly to the left. It was used to move large objects such as furniture into the room and was usually covered with an access panel. Prior to vacating the home, Roy Farmer informed Keith Woodward that the panel had been removed so that the Farmers could remove their furniture. Keith Woodward then asked the Farmers to leave the opening uncovered so that the Woodwards could move their furniture into the office space.

Britton, an employee of Alltel, entered the garage to install telephone lines on the second floor. He successfully navigated the spiral staircase up to the second floor and opened the office door inward. He took a step inside the door and "just all of a sudden [he] was hanging in that hole." Britton caught himself before falling through the opening but sustained injuries to his right knee. He deposed that he did not look up when he entered the garage or when he walked up the spiral staircase and that he looked only at his feet because the staircase was narrow.

Britton and his wife sued the Farmers and the Woodwards for negligence. They then later recast their complaint to add as defendants Summa, Inc. and Holiday Beach, Inc., the home builders, and Alan Paulk, the president of both companies (collectively, "the builders"). All defendants moved for summary judgment, and the trial court granted those motions. The Brittons now appeal.

1. We first address the trial court's grant of summary judgment to the Farmers and the Woodwards. OCGA § 51-3-1 provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and

approaches safe."[1] However, " 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). An invitee who seeks to recover in a premises liability case must show (1) that the defendant had actual or constructive knowledge of the hazard and (2) that the plaintiff was without knowledge of the hazard for some reason attributable to the defendant and was prevented from discovering it. Id. It is undisputed that these defendants had actual knowledge of the opening, so the question here is whether Britton lacked knowledge of it despite the exercise of ordinary care.

The Woodwards and the Farmers argue that the opening was open and obvious and therefore Britton should have avoided it in the exercise of ordinary care. This may well be the conclusion ultimately reached by a jury, but we cannot so conclude as a matter of law.

Britton deposed that he did not see the opening in the ceiling because he was looking at his feet as he ascended the spiral stairs because the stairs were narrow. And the photographic evidence reveals that the two-foot by five-foot opening in the floor was just on the other side of the door where a person stepping into the room could immediately fall through the floor. Moreover, Britton deposed that he had been in the room years earlier to install phone lines when the opening was covered. Compare *Parker v. Welborn*, 236 Ga. App. 344, 346 (1) (511 SE2d 917) (1999) (plaintiff failed to exercise ordinary care when she blindly entered *unfamiliar* stairwell space).

Britton's admission, that had he looked up as he ascended the stairs he would have seen the opening, does not establish as a matter of law that he failed to exercise ordinary care. See *Robinson*, supra, 268 Ga. at 749 (2) (b). Indeed, the "issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. Under these facts, the issue is for a jury, since we cannot say as a matter of law that Britton failed to exercise ordinary care for his own safety as he ascended the stairs and entered the upstairs office. See *Ellington v. Tolar Constr. Co.*, 237 Ga. 235 (227 SE2d 336) (1976) (jury issue on failure to exercise ordinary care where plaintiff fell through ten-foot hole while laying insulation on roof); *Murray*, supra, 239 Ga. App. at 801-802 (1) (a) (jury issue on

---

[1] The parties dispute whether Britton was an invitee. Although the appellees contend that Britton was not asked to install phone lines in the garage office, Britton deposed that Keith Woodward specifically instructed him to install the lines. Since we must construe this evidence in the Brittons' favor, we will analyze the issues here under OCGA § 51-3-1 (duty to an invitee).

failure to exercise ordinary care where plaintiff stepped into thirteen-inch hole in parking lot). The trial court therefore erred in granting the Farmers' and the Woodwards' motions for summary judgment.

2. The trial court also granted the builders' motion for summary judgment on the Brittons' negligent construction claim. Although the Brittons submitted the affidavit of an engineer who opined that the garage room violated sections of the Georgia Standard Building Code, builders or developers are not liable for negligent construction unless they fraudulently conceal the negligence. See *Brazier v. Phoenix Group Mgmt.*, 280 Ga. App. 67, 73 (2), n. 7 (633 SE2d 354) (2006). Since the hazard in this case was not one that was fraudulently concealed, the trial court did not err in granting the builders' motion for summary judgment.

*Judgment affirmed in part and reversed in part. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 23, 2007.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Ashleigh R. Madison,* for appellants.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, W. Brent Hyde,* for appellees.