## A07A0135. BOUSSET et al. v. WALKER et al.
(645 SE2d 593)

SMITH, Presiding Judge.

Francois and Eric Bousset sued Mrs. Bousset's dentist, Corinne Walker, and her professional corporation ("Dr. Walker") for failing to diagnose an infected tooth during a period of continuous treatment. Dr. Walker moved for summary judgment based on the expiration of the statute of limitation and the Georgia Supreme Court's rejection of the continuous treatment doctrine in *Young v. Williams*, 274 Ga. 845 (560 SE2d 690) (2002) (*Young II*), that this court had adopted for the first time in *Williams v. Young*, 247 Ga. App. 337 (543 SE2d 737) (2000) (*Young I*). The trial court granted the defendants' motion for summary judgment.

On appeal, the Boussets argue: (1) that *Young II*, supra, should not be applied retroactively; and (2) even if *Young II* does apply retroactively, the exception in *Whitaker v. Zirkle*, 188 Ga. App. 706 (374 SE2d 106) (1988), for a subsequent injury applies to provide a later starting date for the statute of limitation. We disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799 (521 SE2d 915) (1999).

Viewed in this light, the record shows that the Boussets allege that Dr. Walker failed to diagnose an infected tooth (number three) during continuous treatment from February 29, 2000 through September 25, 2000. During this time, Dr. Walker treated tooth number two. An x-ray of tooth number three taken on September 25, 2000, revealed an extensive infection near the tooth that had spread into the sinus cavity and warranted immediate oral surgery. The record shows that Mrs. Bousset was in constant pain from February 29, 2000 through the time the infection was discovered on September 25, 2000. The Boussets filed suit on August 29, 2002, more than two years after Mrs. Bousset first sought treatment for pain around tooth number three, but less than two years after her treatment with Dr. Walker ended.

1. OCGA § 9-3-71 (a) provides that the statute of limitation for medical malpractice actions begins to run on "the date on which an

injury or death arising from a negligent or wrongful act or omission occurred." In *Young I*, supra, this court adopted the continuous tort doctrine for the first time and held that the statute of limitation in a medical malpractice action does not begin to run until the treatment ends. *Young I*, supra, 247 Ga. App. at 341. In *Young II*, the Supreme Court reversed, rejected this court's adoption of the continuous tort doctrine, and held that the statute of limitation in a medical malpractice action begins to run at the time of the misdiagnosis. *Young II*, supra, 274 Ga. at 848.

The Boussets argue that *Young II* should not be applied retroactively because it was decided on March 11, 2002, and applying it retroactively would mean that the statute of limitation expired less than two weeks *before* the opinion was issued and *before* they filed suit. The Supreme Court granted certiorari, however, in June 2001, eight months before the statute of limitation expired under its holding in *Young II*, supra. If the continuous treatment doctrine adopted in *Young I*, supra, is applied, the Boussets timely filed their suit before the statute of limitation expired. Id. at 247 Ga. App. at 341.

"Retroactive application of judicial decisions is the usual rule in all civil cases." (Citation omitted.) *Fender v. Adams Exterminators*, 218 Ga. App. 62, 63 (2) (460 SE2d 528) (1995). In order to apply prospectively, a judicial decision

> must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. If the decision does set forth a new principle of law, then, as the next step, the court must balance the merits and demerits of the particular case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, the court should consider whether retroactive application would cause an inequitable result of injustice or hardship.

*American Express Co. v. Baker*, 192 Ga. App. 21, 22 (1) (383 SE2d 576) (1989).

In this case, the first prerequisite for prospective application of a judicial decision is absent. In *Young II*, supra, the Supreme Court did not overrule clear past precedent or decide an issue of first impression. Instead, it granted certiorari "to examine the Court of Appeals' introduction of the continuous treatment doctrine into malpractice actions" and asked the parties in its grant of certiorari to brief whether this court correctly adopted the continuous treatment doctrine. *Young II*, supra, 274 Ga. at 845.

Our decision in *Young I*, therefore, cannot be characterized as clear past precedent because it was not yet a final decision. A "judgment is not final as long as there is a right to appellate review." (Citation omitted.) *Lexington Developers v. O'Neal Constr. Co.*, 143 Ga. App. 440, 441 (238 SE2d 770) (1977); see also *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 658 (2) (d), n. 22 (580 SE2d 580) (2003) ("final" means "a case in which a judgment has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").

Additionally, our decision in *Young I*, supra, represented a departure from previous well-established precedent. It overruled two previous cases in which we expressly declined to adopt the continuous treatment doctrine and conflicted with a Supreme Court opinion in a legal malpractice action that endorsed our previous refusal to adopt the continuous treatment rule. *Young II*, supra, 274 Ga. at 846. See also *Devillers v. Auto Club Ins. Assn.*, 473 Mich. 562, 587 (702 NW2d 539) (2005) (holding overruling decision applied retroactively because it was not a declaration of a new rule "but a return to an earlier rule and a vindication of controlling legal authority"). As a result, the Supreme Court did not decide "an issue of first impression whose resolution was not clearly foreshadowed." *American Express Co.*, supra, 192 Ga. App. at 22 (1).

Having found that *Young II*, supra, did not overrule clear past precedent or decide an issue of first impression, we need not analyze the remaining requirements for prospective application of a judicial decision. Accordingly, we conclude that the trial court did not err by ruling that the holding in *Young II*, supra, applies retroactively to the Boussets' claims.

2. The Boussets assert that even if *Young II*, supra, applies retroactively, the subsequent injury exception applies to preclude the grant of summary judgment on the statute of limitation grounds, because the infection spread into her sinus cavity after the initial misdiagnosis. We disagree.

The subsequent injury exception can be summarized as follows:

in most cases the statute begins running on the date of the misdiagnosis, but because this particular plaintiff suffered no symptoms after the misdiagnosis until seven years later, the injury alleged was not the misdiagnosis, but the metastasis. This exception to the general rule was stated as follows: When an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered.

(Citation omitted.) *Burt v. James*, 276 Ga. App. 370, 372 (623 SE2d 223) (2005), citing *Whitaker*, supra. This exception, however, applies only "in the most extreme circumstances. Moreover, this court has held explicitly that 'the limited exception for subsequent injury cases, which was created by *Whitaker v. Zirkle*, is confined to those in which the plaintiff remains asymptomatic for a period of time following the misdiagnosis.' " Id. at 374.

In this case, it is undisputed that Mrs. Bousset continued to suffer from pain after her initial treatments by Dr. Walker and was *not* asymptomatic. As a result, the trial court concluded correctly that the limited exception for subsequent injuries does not apply. See *Burt*, supra.

Based on the above, we affirm the trial court's grant of summary judgment to Dr. Walker based upon the expiration of the statute of limitation.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 13, 2007.

*Jennings, Sparwath & Satcher, Stephen H. Sparwath*, for appellants.

*Carlock, Copeland, Semler & Stair, Douglas W. Smith, Katherine G. Hughes*, for appellees.