# Court of Appeals
# of the State of Georgia

ATLANTA,  October 10, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1054; A17A1055. TRAVIS GEARIG v. CLARK GEARIG; GEARIG BROTHERS CIVILWORKS, LLC et al. v. CLARK GEARIG.

The Appellee in these related appeals filed motions to dismiss the appeals, contending that the order appealed from is not final and that the Appellants' failure to comply with the interlocutory appeal procedures deprives this Court of jurisdiction. We agree.

Clark Gearig owned 50% of Gearig Brothers Civilworks, LLC, Gearig Farms, LLC, and Gearig Properties, LLC (the "companies"). Clark Gearig tendered his resignation as CEO of the companies in May 2016. Beginning in May 2016, Clark Gearig began making requests for access to the companies' financial records.  His requests were denied.

In October 2016, Clark Gearig filed a Complaint against Travis Gearig and the companies pursuant to OCGA § 14-11-313, seeking a court order allowing him to have access to the companies' financial records; requesting that any closing on the sale of his shares be delayed for 60 days from the date of the court's order, so that he and any experts he retained could evaluate the information obtained and an accountant could consider that information in valuing the shares being sold; and requesting an award of costs and reasonable attorney fees as provided in OCGA § 14-11-313.

On December 1, 2016,[1] the trial entered an order granting Clark Gearig access to the companies' documents and allowing Clark Gearig 60 days from the furnishing

---

[1] The order was signed on November 28, 2016 and entered on December 1, 2016.

of the documents before a closing on his shares could occur. The trial court did not rule on Clark Gearig's request for costs and attorney fees.

In Case No. A17A1054, Travis Gearig filed an appeal from that order. In Case No. A17A1055, the companies appeal from the same order. Both appeals were filed on December 6, 2016.

OCGA § 14-11-313 permits a member of a limited liability company to inspect the company's records and to apply to superior court for access when the request for inspection has been refused, and provides that where a trial court grants the member's request to inspect the records, the court may award reasonable attorney fees, as the court may deem just and proper. OCGA § 14-11-313 (2), (3).

OCGA § 5-6-34 (a) (1) authorizes direct appeals to be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" An order is considered "a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Citifinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981).

Clark Gearig made a claim for attorney fees pursuant to OCGA § 14-11-313 in his complaint, and that claim remains to be tried and ruled upon in the trial court. The order does not indicate that the trial court intended for the order to be a final judgment in the case. Compare *American Express Co. v. Baker*, 192 Ga. App. 21, 24 (2) (383 SE2d 576) (1989). The attorney fee issue is left to be resolved and Clark Gearig has further recourse regarding that issue in the trial court. In fact, in February 2017, in response to a motion that the Appellants filed in the trial court on January 2017 ("Defendants' Joint Motion to Suspend Enforcement of [December 1, 2016] Order Pending Appeal"), the trial court entered an order denying that motion, stating: "This Court's [December 1, 2016] 'Order' is not a final judgment subject to direct appeal under OCGA § 5-6-34 (a) (1), as the issue of Plaintiff's attorneys fees under OCGA § 14-11-313 (3) remains pending in this Court." Inasmuch as Clark Gearig's "claim [for attorney fees and costs] remains pending in the trial court, the order is not a final

judgment within the meaning of OCGA § 5-6-34 (a) (1). As [the Appellants] did not comply with the requisite interlocutory appeal procedures, th[ese] appeal[s] must be dismissed." *Citifinancial Servs.*, supra.

We are not persuaded by the Appellants' argument that the attorney fee claim is not pending because it was not preserved by Clark Gearig or specifically reserved by the trial court. Clark Gearig included the claim for attorney fees in his complaint and he never expressly waived or withdrew the claim. The court did not rule upon the fee request in its December 1, 2016 order and, as the trial court expressly stated in a later order filed in the same case, the attorney fee issue was still pending. The Appellants' argument that the December 1, 2016 order is final for the purposes of appeal because the issue of attorney fees is "collateral and extraneous to the merits in this matter" is also without merit. See generally *Sotter v. Stephens*, 291 Ga. 79, 83-84 (727 SE2d 484) (2012) (in a case involving an attorney fee award under OCGA § 13-6-11, the Court stated that the fee award was considered part of the underlying case, unlike a claim for fees brought pursuant to OCGA § 9-15-14 - the latter applies to conduct occurring during the litigation; thus the issue of attorney fees was not "ancillary and post-judgment"). The request for attorney fees under OCGA § 14-11-313 was not collateral to the merits of this case. We note that *Ray Haluch Gravel Co. v. Central Pension Fund &c.*, _ U. S. _ (134 SCt 773, 774, 187 LE2d 669) (2014), cited by the Appellants, is not controlling because it involves the application of federal rules of appellate procedure in a federal case. Id. at 777.

"The certificate [of immediate review] is an essential component of a trial court's power to control litigation. Therefore, a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). See generally *Lee v. Smith*, 119 Ga. App. 808 (168 SE2d 880) (1969) (trial court has broad discretion in determining whether to certify a ruling for interlocutory review); *Fein v. Chenault*, 330 Ga. App. 222, 230 (767 SE2d 766) (2014) (in determining appealability in close cases, the finality rule is favored over

allowing "piecemeal litigation").

Because the Appellants did not comply with the interlocutory appeal procedures, the appeals are hereby DISMISSED. See *Citifinancial Svcs., Inc.*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___10/10/2017___
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*